```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


STACEY HUGHES-BIRCH                    )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )   CIVIL ACTION NO.
                                       )   09-10302-DPW
MARSHALL L. FIELD, HON. MARY McCAULEY  )
MANZI, HON. JOHN P. CRONIN, RICHARD    )
NARDELLA, ALBERTO ANGLES, JR.,         )
JOHN SIMMONS, JENNIFER BORAX-KUSEK,    )
RICHARD S. ROWEN, EDWARD F. FINNEGAN   )
QUA, HALL, HARVEY & WALSH, DAVID J.    )
MINICUCCI, GEORGE R. BARKER, JR.,      )
ERNEST JONES, WILLIAM N. HURLEY, ESQ., )
BRIAN P. BARRY, THE NEVE-MORIN GROUP,  )
INC., URBELIS & FIELDSTEEL, LLP,       )
CHARLES F. DALTON, JR., and            )
JOHANNA T. O'HEARN                     )
                                       )
      Defendants.                      )
```

## MEMORANDUM AND ORDER
### March 15, 2010

The pro se complaint in this case, which the Plaintiff now presents in its third iteration through a motion to file a second amended complaint, seeks to bring a long standing dispute over the ownership and the use of property in North Andover, Massachusetts into federal court.  The complaint names a large number of defendants ranging from Massachusetts Probate and Family Court judges; town officials; lawyers, who represented the estate from which Plaintiff claims her property interest in the property; and lawyers who apparently once represented the Plaintiff or others, whose connection with a colorable claim is

difficult to discern from the Plaintiff's prolix, repetitive, confused and confusing complaint.  The Defendants have opposed allowance of the second amended complaint and have filed motions to dismiss earlier iterations of the complaint.  After extended review of the extensive submissions, I will order the case dismissed.

At the core of the matter are a series of state court rulings to which I am obligated to give full faith and credit and treat as res judicata; I may not permit them to be relitigated in this court.  Certain of the rulings were rendered by the two state court judicial defendants who are entitled, in any event, to absolute immunity from this litigation, which concerns actions taken by the judicial defendants in the exercise of their judicial functions.

Despite the incantation of Constitutional catch phrases, legal terms and various statutory references, the complaints have failed in any of their forms plausibly to state causes of action against any of the other defendants.  The effort to set forth federal claims, which might provide jurisdiction in this court, is unavailing because critical elements of the asserted claims are inadequately alleged.  The efforts to assert that the state Probate Court, the Planning Board of North Andover and the North Andover Board of Assessors are RICO enterprises serve to underscore the inadequacy in the Plaintiff's pleading.

Plaintiff has been afforded an extended period of time to draft a comprehensible complaint plausibly stating a cause of action; however, she remains unable to do so.  Her latest pleading - the proposed second amended complaint - demonstrates the futility to her pursuit of this litigation in this Court.

Accordingly, I ALLOW the motion for leave to file a second amended complaint, treat the earlier filed motions as motions to dismiss this amended complaint and direct the Clerk to enter a judgment of DISMISSAL of this matter.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE